**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DANIEL BORDEAUX**,

    Plaintiff,

vs.                                                                                    CASE NO.:

**PASCO COUNTY TAX COLLECTOR'S OFFICE**, and **MIKE FASANO**, *in his official capacity as* Tax Collector of Pasco County,

    Defendants.

_____/

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff, DANIEL BORDEAUX, by and through his attorney, brings this lawsuit seeking injunctive and declaratory relief, and monetary damages against Defendants, PASCO COUNTY TAX COLLECTOR'S OFFICE and MIKE FASANO, *in his official capacity as* Tax Collector of Pasco County for violations of Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act of 1973 ("Section 504"). Defendant refused to provide services to Plaintiff due to the presence of his service dog, who was wearing a service dog vest. Plaintiff was intentionally denied full and equal access of Defendants' services, facilities, and privileges. Defendants failed to make reasonable modifications in policies, practices or procedures, and failed to take such steps as are necessary to ensure Plaintiff was not excluded, denied services, or otherwise treated differently because of his disability and the presence of his service dog.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the actions pursuant to 28 U.S.C. §§ 1331, 1343, for the Plaintiff's claims arising under the ADA and Section 504.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) - (b)(2) because, (1) the Defendants are located in this district, and or (2) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred and are occurring within this district.

## PARTIES

### PLAINTIFF

3. Plaintiff, Daniel Bordeaux ("Mr. Bordeaux") was, at all times relevant, a resident of Pasco County, Florida. Mr. Bordeaux is an honorably discharged Veteran, who has Post Traumatic Stress Disorder ("PTSD"), Bipolar Disorder, and uses his service dog to abate the symptoms of his disabilities.

### DEFENDANTS

4. Defendant, Pasco County Tax Collector's Office ("PCTC") is a public entity within the meaning of 42 U.S.C. § 12131(1). The Tax Collector's office provides a number of services to citizens in Pasco County to include the provision of fishing licenses.

5. Defendant, Mike Fasano, *in his official capacity as* Tax Collector of Pasco County, has statutory authority to implement the relief sought in this Complaint, and is a public entity within the meaning of 42 U.S.C. §12131(1).

6. Defendants receive federal financial assistance within the meaning of the Section 504 of Rehabilitation Act of 1973, 29 U.S.C. § 794(a).

## FACTUAL ALLEGATIONS

7. Mr. Bordeaux is an honorably discharged, retired Navy Veteran, who has been diagnosed with PTSD, and has a Bipolar Disorder.

8. Mr. Bordeaux has been prescribed medication for his PTSD, and uses his service dog Howie to abate the symptoms of PTSD. Howie has been Mr. Bordeaux's service dog for approximately seven (7) years.

9. Howie is trained specifically for Mr. Bordeaux's PTSD. Howie is trained to place boundaries between others and Mr. Bordeaux by leaning against Mr. Bordeaux to alert him when someone is approaching them. Howie has also been trained to lay next to Mr. Bordeaux, and make physical contact to lessen the symptoms of the PTSD.

10. Although not required by law, Howie wears a service vest which clearly states he is a service animal, and that he is in service to a veteran, along with an advisement that he should not be petted.

11. On June 13, 2019, Mr. Bordeaux went to the New Port Richey office of the Pasco County Tax Collector's Office ("PCTC") with Howie to obtain a fishing license. Mr. Bordeaux had plans to go on a fishing trip with some friends, and required a license.

12. Upon arrival, Mr. Bordeaux received a ticket, sat down, and waited for his number to be called. While waiting, Howie laid by his side without issue. Mr. Bordeaux has been to PCTC on multiple occasions, and never had an issue with Howie, or being asked to leave.

13. While waiting, a male employee, who Mr. Bordeaux has never seen before, approached him. Mr. Bordeaux thought maybe the employee wanted to pet or interact with

Howie. But instead, the employee asked if the dog was a service dog. Mr. Bordeaux stated Howie was, in fact, a service dog.

14. The employee then began questioning Mr. Bordeaux about his specific disability which is in violation of the law. Mr. Bordeaux told the employee Howie was trained to provide a service based on his disability. Mr. Bordeaux had no plan to disclose his disability to the employee, as it is a violation of the law to inquire about a person's disability.

15. Apparently, Mr. Bordeaux's response was not good enough for the employee, and the employee said something to the effect of *do you not know about the American's Disability Act, I'll be right back*, and walked away. Mr. Bordeaux felt very intimidated by the confrontation, which exacerbated his symptoms of PTSD.

16. Soon after the confrontation, Mr. Bordeaux's number was called, and he and Howie went to the counter to discuss his fishing license application. The employee, who confronted Mr. Bordeaux, approached the same counter as Mr. Bordeaux, interrupts the discussion and slams down some paperwork, which appeared to be about the ADA. The employee then tells Mr. Bordeaux he needs to read the information. Mr. Bordeaux felt further intimidated, and Howie moved closer to Mr. Bordeaux to assist as the confrontation exacerbated his PTSD.

17. Mr. Bordeaux explained to the employee that Howie was a registered service animal, and asked him to please calm down. At this point, people in the lobby were watching and taking pictures with their cell phones. Mr. Bordeaux was embarrassed, and felt like a spectacle.

18. The employee continued to argue with Mr. Bordeaux, and became irate. As a result of his behavior, Mr. Bordeaux stated he would call the police, in an effort to make sure PCTC knew their behavior was in violation of his rights, and to protect himself.

19. The employee told Mr. Bordeaux to leave the building, but Mr. Bordeaux said he would not leave until the police arrived. Mr. Bordeaux then sat in the lobby with Howie waiting for law enforcement to arrive.

20. As he waited, an individual believed to be Billy Poulos, a manager at PCTC, came to the lobby, and loudly told Mr. Bordeaux to leave the premises. Mr. Bordeaux continued to sit and wait for law enforcement to arrive. Mr. Poulos continued harassing Mr. Bordeaux and telling him to leave. Other customers in the lobby were calling out to the PCTC to leave Mr. Bordeaux alone, to no avail.

21. At approximately 3:30 p.m., a New Port Richie Police Officer, Michael DelValle ("Officer DelValle"), appeared at the scene. Once Mr. Bordeaux saw the officer he walked towards the officer for help. Officer DelValle told him to wait, and told Mr. Pulous and the other employees who gathered around, to wait outside.

22. Officer DelValle requested Mr. Bordeaux's military identification card and his service dog's paperwork. Although Mr. Bordeaux knows the ADA does not require his service dog to be "registered" or to have "papers" he produced them anyways, in an effort to defuse the situation.

23. The officer told PCTC that Mr. Bordeaux was not trespassing, and he could proceed with conducting business with his service dog, inside the Tax Collector's Office.

24. Billy Poulos told the officer he did not want Mr. Bordeaux on the property, and would refuse him service. As a result, Officer DelValle encouraged Mr. Bordeaux to leave the premises, file a complaint, and to talk to Tax Collector, Mike Fasano, about the incident.

25. Mr. Bordeaux was upset, sad, embarrassed and afraid. Instead of going back inside the PCTC, he sat in his car and cried. Mr. Bordeaux was shocked because this type of confrontation had never before occurred with Howie.

26. In an effort to resolve this matter without court intervention, Mr. Bordeaux contacted Mr. Fasano and informed him about the incident that took place with Howie. In response, Mr. Fasano provided an apology, but nothing further.

27. **Although not required by the statute, Plaintiff attempted to rectify this matter prior to filing this complaint in Federal Court.**

28. For some time after the event, Mr. Bordeaux had increased difficulty leaving the house and sleeping. The event was so traumatic, he reported it to his Veteran's Administration counsellor, and asked for an immediate appointment. Due to his inability to get the fishing license, he missed the fishing trip.

29. Mr. Bordeaux has a very long history of using the PCTC office. He was formerly involved with the titling of cars for a car dealer. Now he continues to frequent the building for county services, and is still in need of fishing license. He will return to the PCTC once he knows he will not be thrown out, and threaten by PCTC employees.

30. The Plaintiff experienced humiliation, dejection, embarrassment, and frustration as the direct result of Defendants' denial to provide services because of his service dog.

31. Defendants intentionally violated the rights of Mr. Bordeaux, who is entitled to protection under the anti-discrimination statutes.

## COUNT ONE
## VIOLATIONS OF TITLE II OF THE
## AMERICANS WITH DISABILITIES ACT

32. Plaintiff repeats and re-alleges allegations ¶¶ 1-31 in support of his claims.

33. In Count One, Plaintiff seeks declaratory relief, permanent injunctive relief, and monetary damages pursuant to Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., and its implementing regulations.

34. Plaintiff has PTSD and Bipolar Disorder, and his disabilities substantially limit major life activities as defined by Title II of the ADA. Plaintiff meets the essential eligibility requirements for Defendants' services at all times material hereto, and is entitled to the protections of the ADA under 42 U.S.C. § 12132, *et seq.*, and its implementing regulations.

35. The Pasco County Tax Collector's Office is a public entity pursuant to 42 U.S.C. § 12131 (1), and is subject to the mandates of Title II of the ADA and its implementing regulations.

36. Mike Fasano, *in his official capacity as* Tax Collector of Pasco County is a public entity pursuant to 42 U.S.C. § 12131 (1), and is subject to the mandates of Title II of the ADA and its implementing regulations.

37. No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.  42 U.S.C. § 12132.

38. Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public must allow service dogs to accompany people with disabilities in all areas of the facility where the public is normally allowed to go. 28 C.F.R. §35.136 (g).

39. Defendants have failed to accommodate Plaintiff's disability, and denied Plaintiff full and equal enjoyment of Defendants' services, or the participation in programs or activities provided by a public entity. 42 U.S.C. § 12132 (2).

40. Defendants also failed to make reasonable modifications in policies, practices, and procedures, and failed to train personnel to know about the rights of citizens who use service animals.

41. Defendants' actions were intentional, and violated the rights of the Plaintiff by their refusal to reasonably accommodate Plaintiff, even after Defendants were put on full notice that Howie was a service dog. Defendants continued to intentionally violate the law even when told by a law enforcement officer that they must provide service to the Plaintiff, and still failed to do so.

42. Mr. Bordeaux is still in need of fishing license, has a history going to PCTC and shall return for his fishing license, and other county assistance.

43. Plaintiff has been injured and aggrieved by, and will continue to be, by Defendants' discrimination.

**WHEREFORE**, Plaintiff requests the relief set forth below.

## COUNT TWO
## VIOLATIONS OF SECTION 504 OF THE
## REHABILITATION ACT OF 1973

44. Plaintiff repeats and re-alleges allegations ¶¶ 1-31 in support of his claims.

45. Plaintiff in this matter requests declaratory relief, permanent injunctive relief, and seeks monetary damages pursuant to Section 504.

46. Plaintiff has PTSD and Bipolar Disorder, and his disabilities substantially limit major life activities, and, therefore, he is considered to be an individual with a disability under Section 504. Plaintiff is also qualified under Section 504 because he meets the essential eligibility requirements for Defendants' services at all times material hereto.

47. In Count II, Plaintiff alleges Defendants discriminated against people with disabilities in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, which provides, in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in Section 705 (20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

48. Defendants are recipients of federal financial assistance, and, therefore, subject to the requirements of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Defendants have discriminated against Plaintiff on the basis of his disability in violation of 29 U.S.C. § 794 and its implementing regulations as more fully described in Count One. Such discrimination includes, but is not limited to, failure to: modify policies and procedures to prevent discriminatory exclusion from and or denial of services to people with service animals.

49. Defendants' actions were intentional and violated the rights of the Plaintiff by their refusal to reasonably accommodate Plaintiff, even after Defendants were put on notice of their obligations to abate such discriminatory actions.

50. As a result of Defendants' actions described above, Plaintiff has suffered embarrassment, emotional distress, and deprivation of his rights to non-discrimination on the basis of his disability. Defendants, Pasco County Tax Collector's Office and Mike Fasano, *in his official capacity as* Tax Collector, acted intentionally and maliciously to damage the rights and dignity of Plaintiff.

51. Mr. Bordeaux is still in need of fishing license, has a history going to PCTC, and shall return for his fishing license and other county assistance.

**WHEREFORE**, Plaintiff requests the relief set forth below.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff requests the following relief:

A. The Court assume jurisdiction;

B. The Court enter a declaratory judgment that the actions of Defendants, Pasco County Tax Collector's Office and Mike Fasano, *in his official capacity,* as Tax Collector, described in this Complaint be in violation of the ADA, and Section 504 of the Rehabilitation Act;

C. Enter a permanent injunction for the Plaintiff enjoining Defendants, their successors, agents and employees, and all other persons in concert therewith, from taking or continuing any action which has the purpose or effect of discriminating against the Plaintiff on the basis of failing to provide accommodations and thereby provide services in violation of the ADA and Section 504 of the Rehabilitation Act;

D.  Award monetary damages to Mr. Bordeaux for his degradation, mistreatment, and humiliation as a result of Defendants' discriminatory actions in violation of Title II of the ADA;

E.  Award monetary damages to Mr. Bordeaux for his degradation, mistreatment, and loss of dignity as a result Defendants' discriminatory actions in violation of Section 504 of the Rehabilitation Act;

F.  Award reasonable attorney's fees, expenses, and costs of suit; and

G.  Grant such other relief as the Court may deem equitable and just under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues which can be heard by a jury.

Date:  December 27, 2019.

>   Respectfully submitted,
>   Morgan & Morgan
>
>   */s/ Sharon Caserta*
>   Sharon Caserta, Esq.
>   Florida Bar No.: 0023117
>   Morgan & Morgan
>   Deaf /Disability Rights
>   76 South Laura Street, Suite 1100
>   Jacksonville, FL 32202
>   (904) 361-0078 (Voice)
>   (904) 245-1121 (Videophone)
>   (904) 361-4305 (Facsimile)
>   scaserta@forthepeople.com
>   *Trial Counsel for Plaintiff*